**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:     LMCHH PCP, LLC | BANKRUPTCY CASE NO. 17-10353 |
| | SECTION "B" |
| DEBTOR | CHAPTER 11 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TRISTAN E. MANTHEY, as Plan Administrator for LMCHH PCP, LLC, | ADVERSARY PROCEEDING CO. |
| Plaintiff | 19-01008 |

VERSUS

CLECO CORPORATE HOLDINGS LLC
f/k/a CLECO CORPORATION

**ANSWER ON BEHALF OF CLECO POWER LLC, SUCCESSOR TO THE NAMED DEFENDANT TO COMPLAINT TO AVOID AND RECOVER TRANSFERS**

**NOW INTO COURT,** through undersigned counsel, comes **CLECO POWER LLC,** a limited liability company and doing business under the laws of the State of Louisiana and named defendant herein (hereinafter "Cleco"), which responds to and Answers the Complaint as set forth below.

**FIRST DEFENSE**

1.

The Complaint fails to state a claim upon which relief may be granted against Defendant.

**SECOND DEFENSE**

2.

Cleco shows that any transactions by and between the Debtor and Cleco are subject to all defenses available to Cleco under 11 U.S.C. 547(c).

**THIRD DEFENSE**

3.

Cleco shows that any transactions by and between Cleco and the Debtor constituted a contemporaneous exchange for new value given to the Debtor by Cleco.

**FOURTH DEFENSE**

4.

Cleco shows that any transactions by and between Cleco and the Debtor were made in the ordinary course of business or financial affairs of the Debtor and Cleco according to ordinary business terms.

**FIFTH DEFENSE**

5.

Plaintiff's claims are barred to the extent Debtor was determined not to be insolvent at the time of any alleged transfers.

**SIXTH DEFENSE**

6.

Plaintiff's claims are barred to the extent the alleged transfers did not enable Cleco to obtain payment of a greater percentage of debt than other creditors in its class.

**AND NOW SPECIFICALLY ANSWERING THE ALLEGATIONS SET FORTH IN NUMBERED PARAGRAPHS IN THE COMPLAINT, CLECO RESPONDS AS FOLLOWS.**
**NATURE OF THE ACTION**

7.

Cleco neither admits nor denies the allegations in paragraph 1 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Cleco denies the allegations in paragraph 1 of the Complaint.

8.

Cleco neither admits nor denies the allegations in paragraph 2 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Cleco denies the allegations in paragraph 2 of the Complaint.

9.

Cleco denies the allegations in paragraph 3 of the Complaint to the extent that such allegations require an answer. Further, Cleco shows that its timely filed Proofs of Claim are prima facie proof of the indebtedness owed by Debtor to Cleco. Cleco asserts, affirmatively, the validity of its claims and all defenses thereto or arising out of its claims.

**JURISDICTION AND VENUE**

10.

Cleco admits the allegations in paragraph 4 of the Complaint.

11.

Cleco admits the allegations in paragraph 5 of the Complaint.

12.

Cleco neither admits nor denies the allegations in paragraph 6 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Cleco denies the allegations in paragraph 6 of the Complaint.

13.

Cleco admits the allegations of paragraphs 7 and 8 of the Complaint and submits that this matter is a core proceeding and that this Court has authority to enter final orders, judgments and decrees.

14.

Cleco admits the allegations of paragraph 9 of the Complaint and agrees that venue is proper before this Court.

## PROCEDURAL AND FACTUAL BACKGROUND

15.

Cleco admits the allegations of paragraph 10 of the Complaint.

16.

Cleco admits the allegations of paragraphs 11, 12 and 13 of the Complaint.

17.

Cleco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 as they relate to the overall business operations of the debtor during the preference period and therefore denies the allegations. Furthermore, Cleco admits that debtor made payments, at certain times, for the purchase of electrical utility services from Cleco.

18.

Cleco denies the allegations of paragraph 15 of the Complaint as written. Cleco admits that the Debtor purchased electrical utility services from Cleco.

19.

Further, Cleco reasserts all of its defenses and submits that no grounds exist by which the transfers may be avoided.

## COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)

20.

Cleco neither admits nor denies the allegations in paragraph 17 of the Complaint as it merely references the prior paragraphs. Cleco reasserts its prior answers and defenses.

21.

Cleco denies the allegations in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Complaint. Further, Cleco reasserts all of its affirmative defenses and answers set forth above.

**COUNT II - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550**

22.

Cleco neither admits nor denies the allegations in paragraph 28 of the Complaint as it merely references the prior paragraphs. Cleco reasserts all of its prior answers and defenses above.

23.

Cleco denies the allegations in paragraph 29, 30, and 31 of the Complaint.

**COUNT III - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

24.

Cleco neither admits nor denies the allegations in paragraph 32 of the Complaint as it merely references the prior paragraphs. Further, Cleco reasserts all of its affirmative defenses and answers set forth above.

25.

Cleco denies the allegations in paragraphs 33, 34, and 35 of the Complaint. Cleco reasserts all of its affirmative defenses and answers set forth above.

**ADDITIONAL DEFENSES**
**SEVENTH DEFENSE**

26.

Cleco shows that no discovery has been completed and Cleco may have additional defenses available and reserves the right to assert those defenses in the event same are discovered prior to trial.

**WHEREFORE CLECO POWER LLC PRAYS** that this Answer be deemed good and sufficient and that after due proceedings had and trial hereof there be judgment herein in favor of Cleco and against the Plaintiff dismissing the Plaintiff's Complaint at Plaintiff's cost and for all other relief as this Court may deem just and proper.

        Respectfully submitted,

        **WHEELIS & ROZANSKI**

        By: /s/ Stephen D. Wheelis
            Stephen D. Wheelis (La Bar #17205)
            Richard A. Rozanski (La Bar # 22583)
            P.O. Box 13199
            Alexandria, Louisiana 71315-3199
            318/445-5600
        **ATTORNEYS FOR CLECO POWER, LLC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Answer to Complaint has been served upon Plaintiff, LMCHH PCP, LLC, et al, Plan Administrator, 64030 Hwy 434, Lacombe, LA 70445 and Counsel for Plaintiff, Tristan Manthey, 650 Poydras St., Suite 2500, New Orleans, LA 70130-6175 by placing a copy of same in the United States mail postage prepaid and by electronic notice through CM/ECF

    Alexandria, Louisiana this 29th day of March, 2019.

        /s/ Stephen D. Wheelis
        OF COUNSEL